IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAYSON BRADLEY WHITE,

    Plaintiff,

v.
                          Civil Action No. 1:21cv112
                          (Judge Kleeh)

PRIME CARE LLC and BETSY C.
JIVIDEN, Commissioner,

    Defendants.

## REPORT AND RECOMMENDATION

This case was initiated by the *pro se* plaintiff, a former state inmate, on August 13, 2021, by the filing of a civil rights complaint pursuant to 42 U.S.C. §1983 along with a motion to proceed as a pauper that was not on this Court's approved form. ECF Nos. 1, 2. On August 16, 2021, the Clerk of Court issued an Amended Notice of Deficient Pleading, directing Plaintiff to ether pay the filing fee or file a motion to proceed as a pauper on the correct form. ECF No. 5.

This matter is pending before the undersigned for an initial screening and proposed recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. The Complaint

In the complaint, filed without a memorandum in support, the plaintiff, who avers that he was released from Central Regional Jail on August 2, 2021 [ECF No. 1 at 4], alleges that from October 2, 2017 through August 2, 2021 [id. at 7], while incarcerated at the Potomac Highlands Regional Jail, the Northern Regional Jail [id. at 4], and the Central Regional Jail [id. at 2], despite his repeated complaints to the defendants, he was denied proper medical care, specifically, proper medical equipment, i.e., prosthetic shoes for his skeletal length discrepancy, which had been prescribed for 15 years. Id. at 7. He contends that this is a violation of the

Americans with Disabilities Act. Id. at 8. He also alleges that the defendants committed "gross negligence, retalliation [sic] in the form of denied [sic – illegible] service and the prolonged length of time (4 years) in which he suffered." Id. at 9. Plaintiff contends that he exhausted his administrative remedies. Id. at 4 – 6. As relief, he seeks a "compliance order to relevant federal statute" regarding the Americans with Disabilities Act and Three Million Dollars in compensatory and punitive damages, jointly and separately from each of the defendants. Id. at 9.

## II. Standard of Review

### A. *Pro Se* Litigants

Because the plaintiff is a former prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the

> former class are claims against which it is clear that the defendants are immune from suit . . .

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45 - 46.

The Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, *supra*, at 520–21. "[T]he mandated liberal construction afforded to *pro se* pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 18 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . " Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above

the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

> The Supreme Court has held that:
>
> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute . . . of any State ... subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . " The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).

In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that **some person** has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640 (emphasis added).

### III. Analysis

### 1. Prime Care LLC

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that the Plaintiff fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in §

1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640.

The Plaintiff has named Prime Care LLC as a Defendant. Prime Care LLC is not a "person" for purposes of 42 U.S.C. § 1983, and there are no allegations against Prime Care LLC involving policies or customs of deliberate indifference. Accordingly, *respondeat superior* does not apply, and because Prime Care LLC is not a proper defendant, it must be dismissed from this action.

**2. Betsy C. Jividen**

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional right against Betsy Jividen. Instead, it appears that plaintiff merely names her in her official capacity as the commissioner of the West Virginia Division of Corrections and Rehabilitation ("WVDOCR"). However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).

Liberally construed, the plaintiff's complaint is a claim of deliberate indifference to his medical need. Here, the plaintiff has made no allegation that would support a finding that a policy or custom of the WVDOCR led to improper or untimely treatment of his feet or any skeletal length discrepancy. Furthermore, to the extent that the plaintiff may be asserting that Commissioner Jividen was deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit because that is not the type of personal involvement required to state a

claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D. Md. March 31, 2003). Accordingly, the plaintiff has improperly named Commissioner Jividen as a defendant, and she is due to be dismissed.

The Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Here, while Plaintiff's complaint is both short and plain, it fails to name a proper defendant or to provide any factual allegations against any named individual. Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. In addition, the undersigned recommends that the plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] be **GRANTED**, **and the fee waived**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of** *de novo* **review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 17, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE