IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**JAYSON BRADLEY WHITE,**

       Plaintiff,

v.                                    **CIVIL ACTION No. 1:21-CV-112**
                                          Judge Bailey

**PRIME CARE LLC** and
**BETSY C. JIVIDEN,** Commissioner,

       Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Aloi [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on August 17, 2021, wherein he recommends that plaintiff's Complaint [Doc. 1] be dismissed without prejudice for failure to state a claim upon which relief can be granted. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

In the complaint, plaintiff alleges that he was denied proper medical care, specifically, proper medical equipment, i.e., prosthetic shoes for his skeletal length discrepancy, which had been prescribed for fifteen (15) years while incarcerated at the Potomac Highlands Regional Jail, the Northern Regional Jail, and the Central Regional Jail. *See* [Doc. 1 at 2, 4, & 7]. He alleges a violation of the Americans with Disabilities Act.

1

[Id. at 8]. He also alleges that defendants committed gross negligence, retaliation in the form of denied service and prolonged length of time in which he suffered. [Id. at 9].

As relief, plaintiff seeks a "compliance order to relevant federal statute" regarding the Americans with Disabilities Act and three (3) million dollars in compensatory and punitive damages, jointly and separately from each defendant. [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections [Doc. 12] on August 27, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

#### A.      Objections to R&R

In the R&R, Magistrate Judge Aloi found that defendant Prime Care LLC is not a proper defendant because Prime Care LLC is not "person" for purposes of 42 U.S.C. § 1983 and *respondeat superior* does not apply. *See* [Doc. 6 at 4–5]. Next, Magistrate Judge Aloi found that plaintiff's complaint is a claim of deliberate indifference to his medical need but he makes no allegation that would support a finding that a policy or custom of the West Virginia Division of Corrections and Rehabilitation ("WVDOCR") led to improper or untimely treatment of his feet or any skeletal length discrepancy. *See* [Id. at 5]. Moreover, the magistrate judge found that plaintiff did not make any specific allegations of a violation of any constitutional right against defendant Betsy Jividen and she was therefore improperly named. *See* [Id. at 5–6]. The magistrate judge ultimately held that plaintiff "failed to comply with the Federal Rules of Civil Procedure requirement that a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See* [Id. at 6].

Plaintiff filed his objections on August 27, 2021. *See* [Doc. 12]. Therein, plaintiff "objects summarily" to the R&R and moves this Court in the "matter of adoption, appointment of counsel to represent his interest, and open subpoena of complete medical records. . . ." *See* [Id. at 2]. Plaintiff argues there is "specific and plain error in the Magistrate Judge's recommendation. . . . " *See* [Id.]. Plaintiff then asserts that the allegations he made "clearly define offences where he was denied adequate medical care contrary not only to decisions made by the United States Supreme Court relating to such care, but also in contrast [to] those provisions for providing care within the Americans with Disabilities Act." *See* [Id.].

Plaintiff moves this Court to: (1) order "the adoption of his petition in full for *De Novo* Review by a United States Circuit Judge"; (2) order "the Open Subpoena of records for all his lifetime medical record including but not limited to those held by privately sought physicians and Prime Care LLC"; and (3) moves this Court to order "the appointment of counsel to represent his interest."

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* ***Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id*.; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Plaintiff's objections are not briefed or supported with legal authority; he ultimately "objects summarily" and refers this Court to his Complaint. Plaintiff's objections are grievances regarding Magistrate Judge Aloi's conclusions, and none preserve a claim for review by this Court. The objections are unspecific and are devoid of any reference to specific findings or recommendations and unsupported by legal authority. Thus, it appearing to this Court that plaintiff's objections contain no actual legal objection to Magistrate Judge Aloi's R&R, this Court will adopt the R&R and overrule plaintiff's objections.

## IV. CONCLUSION

A *de novo* review is unnecessary in this case based on plaintiff's vague objections. Accordingly, the magistrate judge's report and recommendation **[Doc. 6]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report, and plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's objections **[Doc. 12]** are hereby **OVERRULED**. Moreover, plaintiff's Motion to Proceed *in*

*forma pauperis* [**Doc. 2**] is hereby **GRANTED AND THE FEE WAIVED**. Plaintiff's second Motion to Proceed *in forma pauperis* [**Doc. 11**] is hereby **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: October 6, 2021.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**